IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-70551-M-11 |
| | § | |
| SKYLINE EMS, INC., | § | |
| DEBTOR | § | |
| | § | (Chapter 11) |

MOTION FOR ORDER AUTHORIZING
PAYMENT OF PRE-PETITION TAXES
<u>AND REQUEST FOR EXPEDITED HEARING</u>

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Skyline EMS, Inc. ("Skyline" or Debtor"), Debtor and Debtor in Possession, files this Motion for Order Authorizing Payment of Prepetition Taxes and request for Expedited Hearing (the "Motion") and in support thereof respectfully shows the Court as follows:

**I. JURISDICTION**

2.   This Court has jurisdiction by virtue of 28 U.S.C. §§ 157 and 1334. This matter

is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A) and (M).

## II. VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. § 1408(1) because the Debtor's place of business has been located in this district for more than 180 days preceding the filing of this bankruptcy case.

## III. BACKGROUND INFORMATION

### A. Overview of the Debtor

4. Skyline EMS, Inc. ("Skyline" or "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") on December 24, 2016 (the "Petition Date"). The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's bankruptcy case and no official committee of unsecured creditors has yet been established.

5. Skyline operates an ambulance transportation company servicing the McAllen, Mission and Edinburg metropolitan area.

6. The Debtor's primary source of income is derived from the CMS Medicare and other private insurance companies which amounts to approximately $100,000 per month.

7. As of the Petition Date, the Debtor had assets of approximately $ **1,134,337.91**, consisting primarily of a accounts receivables from CMS Medicare and the private insurance companies.

### B. Events Leading to Bankruptcy

#### Debtor's Prior (15-70534 ) 2015 Chapter 11 Bankruptcy Filing

8. Debtor filed a prior Chapter 11 Bankruptcy petition on October 19, 2015 under case number 15-70534. During its pre-15-70534 petition operations, Debtor's billing

operations underperformed causing large income losses to Debtor. Consequently, Debtor began to lose its ability to meet its financial obligations, including payment of its trust funds toward the Internal Revenue Service. The Internal Revenue Service, ("IRS"), in an attempt to protect the employees trust funds, began to seize a large part of the Debtor's revenue streams. Not surprisingly, the Debtor began to lose its ability to fund ongoing operations, further lost its ability to fund trust fund payments to the IRS and as a result filed for Chapter 11 bankruptcy protection.

9. During the pendency of 15-70534, Debtor began to reorganize its operations and instituted carefully calculated employee layoffs as part of its cost cutting measures. At least one employee filed a fraud complaint with Debtor's main source of revenue – CMS, ("Medicare"). As part of its investigation, Medicare withheld funds from Debtor, causing Debtor to not submit part of 2nd quarter and a large part of the 3rd quarter employee trust funds to the IRS.

10. Although, the Debtor was cleared following the Medicare investigation, Debtor fell behind in its post-petition payments to the IRS. Once payments resumed, Debtor paid off 4th quarter and began paying off 3rd quarter post-petition IRS trust fund debt.

11. This case was dismissed on December 22, 2017 and almost immediately, the IRS began levying on the Debtor's revenue from Medicare. This petition under the above caption was filed in order to protect Debtor's operations and services.

## IV. **BUSINESS REASONS JUSTIFY PAYING PRE-PETITION EMPLOYEES TAXES**

12. The Debtor currently has 29 employees, an amount that is significantly less than before the Debtor filed its first bankruptcy.

13. As of the petition date, Debtor owes approximately $330,000 to the IRS in trust fund employee taxes.

14. <u>Tax Obligations</u>.  Skyline withholds federal, state, and local employment-related taxes, including federal income taxes, Medicare and social security taxes, and state unemployment insurance from wages and salaries of its employees. Skyline requests permission to pay all outstanding prepetition amounts owed in connection with this obligation.

15. The Debtor requests authority to make $5,000 trust fund pre-petition payment to the IRS. By this motion, the Debtor is seeking to pay prepetition taxes of approximately $5,000.00 per month.

## V. **RELIEF REQUESTED**

16. By this Motion, Debtor requests, pursuant to Sections 363(b), 365, 549 and 105(a) of the Bankruptcy Code, that the Court authorize the Debtor to pay the Prepetition Employee Taxes described herein.

17. A bankruptcy court may authorize the payment of prepetition obligations when necessary to facilitate a debtor's reorganization.  *See*, *e.g*., *In re Equalnet Communications Corp*., 258 B.R. 368 (Bankr. S.D. Tex. 2000).  This authority stems from the common-law "necessity of payment" doctrine, which courts have applied when the failure to pay prepetition obligations poses a real and significant threat to a debtor's reorganization. *See Dudley v. Mealey*, 147 F.2d 268 (2d Cir. 1945), *cert. denied* 325 U.S. 873 (1945). In a well-established line of cases, this doctrine was first applied in conjunction with railroad reorganizations. *See, e.g., Gregg v. Metropolitan Trust Co.*, 197 U.S. 183 (1905) ("the payment of the employees of the [rail]road is more certain to be necessary in order to keep it running than payment of any other class of previously incurred debt"); *Miltenberger v. Logansport, Crawfordsville & Southwestern Railway Co.,* 106 U.S. 286 (1882) (permitting the payment of pre- receivership claim prior to reorganization in order to prevent the cessation of

"indispensable business relations").

18. The "necessity of payment" doctrine was eventually expanded beyond railroad reorganizations, beginning with *Dudley v. Mealey*. 147 F.2d 268. In *Dudley*, the court held that the creditors' interest in continuing the debtor's hotel business justified paying the prepetition claims of creditors who furnished supplies essential to keeping the hotel open. *Id*. at 271. Numerous courts have applied *Dudley*'s doctrine in situations similar to this Case, recognizing that the payment of certain prepetition wage, salary, medical-benefit, and business-expense claims was justified since no business debtor can hope to reorganize without the cooperation of its employees. *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989).

19. The modern analogue to the "necessity of payment" doctrine appears in Section 105(a) of the Bankruptcy Code, which provides, in pertinent part: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). This includes the power to authorize the payment of the Employee Trust Funds.

20. Courts often use their equitable powers to authorize payment of a debtor's prepetition obligations where, as here, such payment is necessary to effectuate the "paramount purpose" of Chapter 11 reorganization-which is to prevent the debtor from going into liquidation and to preserve the debtor's potential for rehabilitation. Without question, the payment of the Employee payroll taxes to the Taxing Authorities is necessary. It is in the best interest of the Debtors' estates that the Employee payroll taxes be timely paid so as to avoid administrative difficulties. Withholding the payment of the Employee payroll taxes would likely cause the Internal Revenue Service to take precipitous action, including a marked increase in audits and lien filings. Prompt and regular payment of the Employee payroll taxes will avoid this unnecessary governmental action.

21. A provision of the Bankruptcy Code arguably allows for the possibility of the payment by a debtor-in-possession of certain general unsecured prepetition claims prior to confirmation: § 362. Section 362(a)(6) provides that the filing of the petition acts as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). Under this provision, the collection of prepetition claims is not prohibited; it is only stayed. *In re Cei Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex., 2004).

The *stay* of the collection of prepetition claims may be terminated, annulled or modified by the court "for cause." 11 U.S.C. § 362(d). The language of § 362(d) provides that "the court *shall* grant relief from the stay ... for cause...." *Id.* (emphasis added). Furthermore, relief from the stay pursuant to § 362(d) may be requested by a "party in interest." *Id.* Thus, a debtor-in-possession and its "critical vendors," each of whom would certainly qualify as parties in interest in a bankruptcy case, could request relief from the stay under § 362(d) "for cause" — that "cause" being the urgency and necessity of paying the prepetition claims, such payment being the only means of protecting the going concern value of the operating business in Chapter 11. *In re Cei Roofing, Inc.*, 315 B.R. at 59.

22. Trust fund taxes are afforded priority status under section 507 of the bankruptcy code. The Debtor submits that sufficient assets exist to pay pre-petition trust fund debt owed in full. Accordingly the proposed relief will affect only the timing of the payment of the trust fund taxes and will not prejudice the other creditors or parties in interest.

23. Moreover Courts have held that trust fund taxes should be held for the benefit of the taxing authority and they may not be property of the estate. See e.g. *Begier vs. Internal Revnue Service*, 496 U.S. 53 (1990); *In re Megafoods Stores, Inc.*, 163 F3d 1063, 1067-68 (9th Cir. 1998); *In re Al Copeland Enterprises, Inc.*, 991 F2d 233, 237 (5th Cir. 1993) (holding that Debtor obligated to pay sales and use taxes because they constituted trust fund taxes).

24. Additionally, the Debtor's officers and directors may be held personally liable, either civilly or criminally, under federal laws that define them as fiduciaries for the Taxing Authorities with respect to collecting the Employee Payroll Taxes. A prosecution of these individuals for failing to pay the Employee Payroll Taxes to the Taxing Authorities would seriously undermine the Debtor's ability to reorganize.

25. In sum, the payment of the Debtors' prepetition Employee Payroll Taxes in full and on time is necessary for the conservation of the Debtor's estates. A delay in the payment of the Employee Payroll Taxes could cause certain governmental authorities to take aggressive action with respect to the Debtor, such as filing liens or seeking to modify the automatic stay. Responding to these actions would add unnecessary administrative expenses to the estates and needlessly distract the Debtor from their primary focus of reorganizing the Debtor's business and finances.

26. Authorizing the payment of Prepetition Employee Payroll Taxes is essential to the Debtor's prospect for successfully emerging from Chapter 11. If these payments are not made, the Employees will likely abandon the Debtor for other employers, and the Debtor will find its prospects for a successful reorganization doomed from the start. The Employees' specialized skills are essential to the Debtor and represent its most critical resource. Any failure to pay the Prepetition Employee Payroll Taxes will deprive the Debtor of a genuine opportunity at a "fresh start."

WHEREFORE, Debtor respectfully prays that the Court approve this Motion in its entirety and grant all the relief requested herein and grant the Debtor such further relief as it deems just and proper.

Dated: February 14, 2017

        Respectfully submitted,

        Law Office of Antonio Martinez, Jr., P.C.

        */s/ Antonio Martinez, Jr.*
        Antonio Martinez, Jr.
        317 W. Nolana Ave. Ste C
        McAllen, TX 78504
        956-683-1090
        Fax : 956-683-1090
        Email: martinez.tony.jr@gmail.com
        *Attorney for Debtor Skyline EMS, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the United States Trustee and all parties registered with the ECF system, email, fax, or mail on this case via electronic notice.

Date: 2/14/2017

        /s/ Antonio Martinez, Jr.
        Antonio Martinez, Jr.

```
Label Matrix for local noticing          Skyline EMS, Inc.                        Texas Workforce Commission
0541-7                                    310 East Main Blvd.                      Rachel R. Obaldo
Case 16-70551                             Pmb 213                                  c/o Sherri K. Simpson, Paralegal
Southern District of Texas                Alton, TX 78573-6872                     P.O. Box 12548
McAllen                                                                            Austin, TX 78711-2548
Tue Feb 14 22:50:03 CST 2017

7                                         A/R Concepts                             Airgass USA LLC
United States Bankruptcy Court            17806 W. Interstate 10 Ste 104           110 West 7th St. Ste 1400
1133 North Shoreline Blvd #208            San Antonio, TX 78257-8223               Tulsa, OK 74119-1077
Corpus Christi, TX 78401-2042


Ambit Energy                              Edimis                                   Hidalgo County
P.O. Box 660462                           P.O.Box 1567                             c/o Diane W. Sanders
Dallas, TX 75266-0462                     Collierville, TN 38027-1567              Linebarger Goggan Blair & Sampson, LLP
                                                                                   P.O. Box 17428
                                                                                   Austin, TX 78760-7428


IRS                                       Moore Medical LLC                        Neveria Los Barilles
Centralized Insolvency                    1690 New Britain Ave                     1626 E Griffin Pkwy Ste A
P.O. Box 7346                             P.O. Box 4066                            Mission, TX 78572-3475
Philadelphia, PA 19101-7346               Farmington, CT 06034-4066


Pulmonair                                 RGV Sanitation Control                   RYANLAW
5563 DeZavala Road, Ste 130               Edinburg, TX 78540                       100 Congress Ave. Suite 950
San Antonio, TX 78249-1736                                                         Austin, TX 78701-2725


Sprint                                    (p)C O AMERICAN INFOSOURCE LP            Texas National Bank
P.O. Box 8077                             4515 N SANTA FE AVE                      P.O. Box 777
London, KY 40742-8077                     OKLAHOMA CITY OK 73118-7901              Mercedes, TX 78570-0777


Texas National Bank                       Texas Workforce Commission               Texas Workforce Commission
P.O. Box 777                              101 E. 15th St.                          Regulatory Integrity Division - SAU
Mercedes, Texas 78570-0777                Austin, TX 78778-0001                    Room 556
                                                                                   101 E. 15th Street
                                                                                   Austin, TX 78778-0001


Time Warner Cable                         Top Frog Diesel-N-Gas                    US Trustee
P.O.Box 460849                            204 East Veterans Memorial Blvd          606 N Carancahua
San Antonio, TX 78246-0849                Harker Heights, TX 76548-1338            Corpus Christi, TX 78401-0680


UnitedHealthcare Insurance Company        Webmedic Pro                             Antonio Martinez Jr
Attn: CDM - Bankruptcy                    11 State St.                             Attorney at Law
185 Asylum Street - 03B                   Woburn, MA 01801-2050                    317 W. Nolana
Hartford, CT 06103-3408                                                            Suite C
                                                                                   McAllen, TX 78504-1302
```

               The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
               by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).